UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:24 CR 309 MTS/SRW |
| | ) |
| HAEDER JAMEEL, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jerome McDonald, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

**Presumption of Detention**

1.   The defendant is charged with multiple offenses for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), conspiracy to distribute and possess with intent to distribute a controlled substance, and possession with intent to distribute a controlled substance.

2.   Multiple offenses with which the defendant is charged trigger a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A) and (B).

There are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

### The Nature and Circumstances of the Offense

3. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offenses charged, including whether the offense involves a controlled substance. Because offenses with which the defendant is charged involve a dangerous controlled substances—fentanyl—the first of the § 3142(g) factors weighs in favor of detention.

### The Weight of the Evidence Against the Defendant

4. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong.

5. In December of 2022 law enforcement officers executed a search warrant at a residence in the City of St. Louis. The defendant, who was the only person inside the residence when the warrant was executed, had a gun in his hand when law enforcement officers arrived. The defendant tried to flee out the back of the residence but was stopped by law enforcement officers. In the master bedroom of the residence was an open safe containing distributable amounts of fentanyl and MDMA. The fentanyl was in the form of pressed pills made to look like prescription pills.

6. The defendant admitted in a recorded interview that he had a gun when law enforcement officers arrived, and that he sold drugs out of the residence where the search warrant was executed.

### The History and Characteristics of the Defendant

7. Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, family ties,

employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

8. The defendant does not have any prior convictions. However, as documented in a Florissant Police Department report, in April of 2023 a family member of a suspect in an investigation involving the defendant reported to a Florissant Police Department Officer that the defendant made a threat to her and pointed a gun at her on two occasions.

9. The history and characteristics of the defendant weigh in favor of detention to ensure the safety of the community.

### The Nature and Seriousness of the Danger to the Community

11. Fentanyl is an extremely dangerous drug, and the defendant was part of a conspiracy that was selling fentanyl in the community.

12. The safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

13. There is a risk that the defendant will flee based on the fact that he attempted to flee the residence when the police were executing the search warrant, and he is facing a mandatory minimum sentence of five years in prison.

### Conclusion

14. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh in favor of detention. There is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Respectfully submitted,<br>
SAYLER FLEMING<br>
United States Attorney<br>
<br>
<i>/s/ Jerome McDonald</i><br>
JEROME MCDONALD, #63412MO<br>
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<i>/s/ Jerome McDonald</i><br>
JEROME MCDONALD363412MO<br>
Assistant United States Attorney