UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cr-00309-2-MTS |
| | ) |
| HAEDER JAMEEL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on Defendant Haeder Jameel's Motion to Review Magistrate's Order of Detention. Defendant seeks review of United States Magistrate Judge John M. Bodenhausen's Order of Detention, Doc. [48], pursuant to 18 U.S.C. § 3145(b).[1] Based upon the record before the Court, the Motion will be denied.

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions. . . will *reasonably assure* the defendant's appearance." *See United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (en banc) (emphasis in original)); *see also* 18 U.S.C. § 3142(c), (e)-(f). A finding on either ground constitutes a sufficient basis for detention. *United States v. Williams*, 4:20-cr-00348-SRC, ECF No. 30 at *4 (E.D. Mo. Sept. 15, 2020) (citing *United States v. Payne*, 660 F. Supp. 288, 290-91 (E.D. Mo. 1987)). In determining whether there are conditions of release that will reasonably assure the

---

[1] Under 18 U.S.C. § 3145(b), "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

defendant's appearance in court and the safety of the community, this Court looks to 18 U.S.C. § 3142(g), which provides that the Court "will take into account the available information concerning," 1) the nature and circumstances of the offense charged, 2) the weight of the evidence against the person, 3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law, and 4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

On June 20, 2024, a grand jury returned an indictment against Defendant for conspiracy to possess with the intent to distribute controlled substances, maintaining a premises for the purpose of manufacturing and distributing a controlled substance, possession with intent to distribute MDMA and fentanyl, and possession of a firearm in furtherance of drug trafficking crimes. The charges carry a rebuttable presumption of detention under 18 U.S.C.§ 3142(e)(3). The Government filed a Motion for Pretrial Detention and Hearing, Doc. [6]. The detention hearing was held July 19, 2024. After hearing the arguments of the parties and taking the matter under submission, the magistrate judge issued an Order of Detention Pending Trial, Doc. [43]. Although concluding that Defendant had presented sufficient evidence to rebut the presumption of detention, after considering the other factors under 18 U.S.C. § 3142(g), the magistrate judge found that detention was warranted due to the weight of the evidence against Defendant, the lengthy period of incarceration if Defendant were convicted, Defendant's history of violence, use of weapons, alcohol/substance abuse, lack of stable employment, significant family ties outside the United States, and prior

attempts to evade law enforcement.

Defendant subsequently filed a Motion to Review Magistrate's Order of Detention and Request for Hearing. Doc. [48]. On August 13, 2024, this Court held a hearing on the matter and took the Motion under submission. The Court has closely considered the evidentiary record and arguments of counsel. After conducting a de novo review of the entire record, including the audio recording of the detention hearing, the Court finds that the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance. The Court further finds that United States Magistrate Judge John M. Bodenhausen properly considered and weighed all factors, both for and against Defendant's detention, including: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics; and 4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

Accordingly,

**IT IS HEREBY ORDERED** that the Court denies Defendant's Motion to Review Magistrate's Order of Detention, Doc. [48], reaffirms the Magistrate Judge's Order of Detention, Doc. [43], and adopts the same as its own findings and conclusions on the matter.[2]

Dated this 13th day of August, 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] If after review of the same record and factual findings, the district court agrees fully with a magistrate judge's order and reasons, it may adopt the order. *United States v. Cook*, 87 F4th 920, 924-25 (8th Cir. 2023) (citations omitted). Adopting a magistrate judge's decision "'obviate[s] the need for the district court to prepare its own written findings of fact and statement of reasons.'" *Id*. (quoting *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988)).